# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN BREHER,<br><br>    Plaintiff,<br>vs.<br><br>JO ANNE B. BARNHART,<br><br>    Defendant. | CASE NO. 06CV2050-LAB (CAB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND REMANDING FOR FURTHER AGENCY PROCEEDINGS**<br><br>[Dkt Nos. 12, 13, 16] |

This judicial review of a final decision of the Commissioner of Social Security Administration ("Commissioner"), pursuant to the Social Security Act, 42 U.S.C. § 405(g) ("SSA"), is before the court on the Report and Recommendation ("R&R") of Magistrate Judge Cathy Ann Bencivengo that plaintiff Nathan Breher's ("Breher") Motion For Summary Judgment be granted in part, the Commissioner's cross-motion for summary judgment be denied, the Administrative Law Judge's ("ALJ") decision adopted by the Commissioner be reversed, and the case be remanded for further proceedings. Dkt No. 16. The January 17, 2008 deadline for either party to file Objections has passed with none filed. For the reasons discussed below, the R&R is **ADOPTED**, the matter is **REMANDED** for further agency proceedings, and this case is terminated.

I.   **BACKGROUND**

Breher applied for Supplemental Security Income ("SSI") in October 2004, when he was approximately 42 years old, alleging disability since December 1, 2002 due, among

other things, to attention deficit disorder ("ADD"), bipolar disorder, depression, anxiety, hepatitis, and emphysema. His application was denied initially and on reconsideration. He obtained an October 12, 2005 hearing before an ALJ. Breher testified at the hearing, represented by counsel. The ALJ's decision appears at Tr. 13-18. He states a vocational expert Nelly Katsell, M.S., "[a]lso appear[ed] and testif[ied] at the hearing." Tr. 13. However, the hearing transcript (Tr. 302-322) reflects only Breher actually testified. The ALJ merely acknowledged on the record "Nelly Katsell is our Vocational Expert" (Tr. 304), but he received no expert testimony at the hearing.

The court adopts the factual background section of the R&R in its entirety, as well as the medical evidence summary, in the absence of any objections from either party. Breher is a high school graduate with a bachelor of arts in Human Services, although it took him six years to complete his college course work, with a 1.9 GPA. He worked intermittently from 1997 to 2004 as a cashier, cook, stock person, and tool salesman. He was last gainfully employed in 2004. Since 1997, he held no job for longer than a few months. His annual earnings since 1990 never surpassed $3,325.34, and in many of those years he earned nothing. Breher testified he desired to work but had never been able to keep a job, even during periods of sobriety. He described fear and feelings of being overwhelmed and frustrated by small things and when dealing with people, which causes him to lose jobs.

Medical evidence of record, as traced in the R&R, includes both mental health and physical evaluations. Records from 2003 substantiate Breher had been diagnosed, among other things, with ADD from childhood[1] and generalized anxiety disorder, mood disorder, alcohol dependency and polysubstance abuse by history, depressive symptoms with alcohol and opioid substance dependency, severe stress and despondency, impulse control issues, hepatitis C, emphysema, chronic asthma, and hypertension. He has a history of homelessness, has never lived independently, and manifests social isolation and low self esteem. Dr. Jay H. Shaffer, M.D., a board certified psychiatrist and consulting psychiatrist

---

[1] As noted in the R&R, Breher's mother provided records corroborating he has had mental impairments since childhood and independent of substance abuse. R&R n. 5, *citing* Tr. 109-117.

associated with the residential treatment facility where Breher resided at the time of his SSI hearing, has treated and evaluated Breher. He made objective findings in March 2005, substantiating all the foregoing symptoms, traits, and impairments. Dr. Shaffer's prognosis was that Breher's "psychiatric illnesses and medical conditions are chronic, persistent and severe." Tr. 235. He further concluded Breher "has been severely disabled for most of his life as a direct result of multiple Axis I psychiatric disorders" he enumerated, "severe drug dependency and an Axis II Personality Disorder that is likely related to having tried to manage life in the face of his Axis I problems." Id.

Dr. Shaffer also prepared an April 28, 2005 Medical Source Statement of Ability To Do Work-Related Activities (Physical), as well as a Medical Source Statement Concerning the Nature and Severity of an Individual's Physical Impairment, based on Breher's medical history, clinical findings from physical or mental status examinations, laboratory findings, diagnoses, treatments prescribed and prognoses, and a review of his Social Security disability file. Tr 259-263. He concluded Breher was not capable of performing even sedentary or light work on a regular and continuing basis. Tr. 263-264. In reaching that conclusion, he expressly excluded from consideration all limitations he believes result from the patient's conscious malingering of symptoms and from the patient's drug and/or alcohol addiction. Tr. 263. He enumerated specific areas of Breher's marked limitations pertinent to daily living, social functioning, and deficiencies of concentration, persistence or pace that interfere with task completion, as well as episodes of deterioration in work-like settings and inability to perform detailed or varied tasks. Tr. 265-267. Dr. Shaffer reaffirmed his conclusions in an August 17, 2005 letter he provide for the SSI application that Breher remained permanently and totally disabled as a result of severe psychiatric illness. Tr. 270.

In an August 31, 2005 mental residual functional capacity assessment, Dr. Shaffer again found Breher's limitations to be "marked" in almost all categories, even without a substance addiction disorder, and noted Breher has never been able to hold a job in his lifetime due to severe ADD and bipolar disorder. Tr. 285-298. The records of other treating
\\

or examining professionals from 2003 and 2004 are summarized in the R&R, with their findings Breher needs long term care, among other things.

The agency had Breher's medical records evaluated by two non-examining professionals. Their conclusions were either unclear or resulted in an opinion Breher was not significantly limited in the absence of substance abuse. Tr. 202-219. The record contains significant evidence, including his own testimony, Breher had long-standing sobriety problems. At the time of the ALJ hearing, he resided at a treatment facility for recovering drug and alcohol addicts, although he testified he had been sober for approximately three and one-half of the prior four years, but for a small relapse three months before the hearing.

Proceeding through counsel, Breher seeks judicial review of the denial of benefits on grounds: the ALJ failed to make a proper determination of his physical and mental limitations independent of the effects of his substance addiction disorder; the ALJ failed to give proper weight to the opinions of Breher's treating physicians and to provide reasons for rejecting their conclusions; the ALJ's assessment of his mental residual functional capacity is not supported by substantial evidence; and the ALJ's reliance on the vocational grids rather than vocational expert testimony in deciding Breher could perform other work, after finding he could not return to past relevant work, was error. Breher seeks reversal of the Commissioner's final decision and an award of benefits or remand for further agency proceedings. The Commissioner's cross-motion for summary judgment urges the court to affirm the ALJ's decision as predicated on substantial evidence and free of legal error.

**II.   DISCUSSION**

**A.   Judicial Review Of Disability Determinations**

To obtain SSI benefits, the applicant has the burden to prove an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment or combination of impairments must be so severe that the claimant not only is unable to return to past work performed but also, considering age, education, and work experience, the individual cannot

1 engage in any kind of substantial gainful work that exists in the national economy. 42 U.S.C.
2 § 1382c(a)(3)(B).

3       The disability analysis proceeds sequentially through five steps. *See* 20 C.F.R. §§
4 416.920(b)-(g); 20 C.F.R. § 404.1520(a)(4); Batson v. Commissioner of Social Security, 359
5 F.3d 1190, 1193-94 (2004); Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999). **First**,
6 the Commissioner determines whether the claimant is engaged in "substantial gainful
7 activity." If so, the claimant is not disabled. **Second**, the Commissioner determines whether
8 the claimant has a "severe impairment or combination of impairments" significantly limiting
9 his or her physical or mental ability to perform basic work activities. If not, the claimant is not
10 disabled. However, if the claimant produces objective medical evidence of an underlying
11 impairment that could reasonably be expected to produce the symptoms the claimant
12 alleges, and no affirmative evidence of malingering exists, at Step Two, the ALJ must assess
13 the severity of the symptoms alleged. Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir.
14 1996); *see* Batson, 359 F.3d at 1195. Analytical clarity at Step Two is particularly important
15 in cases involving claimants with a history of substance abuse because of the separate
16 analysis subsequent to Step Five to differentiate the effects of drug abuse and alcoholism
17 ("DAA") on the claimant's severe impairments otherwise qualifying as disability.

18       **Third**, medical evidence of the claimant's severe impairments is compared to a list
19 of impairments presumed to be severe enough to preclude work, appearing in Appendix I
20 of subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(d). If the claimant's impairment
21 meets or equals one of the listed impairments, the analysis ends and benefits are awarded.
22 "[I]f a decision as to whether a 'severe' impairment corresponds to a listed impairment cannot
23 be made on medical factors alone, the ALJ must proceed to the final two steps in the
24 sequential evaluation process." Batson, 359 F.3d at 1194.

25       At **Step Four**, the Commissioner determines whether the claimant is able to do any
26 of the work the claimant previously performed despite the impairment. Step Four entails a
27 determination, in consideration of the claimant's residual functional capacity ("RFC") -- *i.e.*,
28 the most the claimant can do in consideration of his impairments and limitations, -- whether

the claimant is capable of returning to past relevant work. "Past relevant work" refers to work the claimant has performed within the past fifteen years. 20 C.F.R. § 404.1560(b)(1). RFC is not a medical determination, but rather an administrative finding. Responsibility for deciding RFC is reserved to the Commissioner, who delegates the task to an ALJ. If the claimant cannot return to past relevant work, the disability analysis proceeds to Step Five.

At **Step Five**, the burden shifts to the Commissioner to establish the claimant can perform specific other work existing in significant numbers in the national economy, in consideration of the individual's RFC, age, education, and work experience. *See* 20 C.F.R. §§ 404.1520(f),(g), 416.920(f); Tackett, 180 F.3d at 1098-99. Additional regulations supplement the review process when the claimant's severe impairments are mental.[2] Maier v. Commissioner of Social Security Admin., 154 F.3d 913, 914 (9th Cir. 1998) (*per curiam*). The Step Five determination can be made "(a) by the testimony of a vocational expert, or (b) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." Tackett, 180 F.3d at 1099. "If the claimant can perform other work in the national economy, then the claimant may not be found to be disabled," and is not entitled to receive benefits. Batson, 359 F.3d at 1194.

In the disability analysis, "[t]he treating physician's opinion is not . . . necessarily conclusive as to either a physical condition or the ultimate issue of disability," and an "ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). For example, if the opinion of any physician is brief, conclusory, and inadequately supported by clinical findings, an ALJ need

---

[2] "First, the ALJ must determine the presence or absence of certain medical findings relevant to the ability to work. 20 C.F.R. § 404.1520a(b)(1). Second, when the claimant establishes these medical findings, the ALJ must rate the degree of functional loss resulting from the impairment by considering four areas of function: (a) activities of daily living; (b) social functioning; (c) concentration, persistence, or pace; and (d) episodes of decompensation. 20 C.F.R. § 404.1520a(c)(2-4). Third, after rating the degree of loss, the ALJ must determine whether the claimant has a severe mental impairment. 20 C.F.R. § 404.1520a(d). Fourth, when a mental impairment is found to be severe, the ALJ must determine if it meets or equals a Listing. 20 C.F.R. § 404.1520a(d)(2). Finally, if a Listing is not met, the ALJ must then perform a residual functional capacity assessment, and the ALJ's decision 'must incorporate the pertinent findings and conclusions' regarding plaintiff's mental impairment, including 'a specific finding as to the degree of limitation in each of the functional areas described in [§ 404.1520a(c)(3)].' 20 C.F.R. § 404.1520a(d)(3),(e)(2)." Lindsay v. Barnhart, 370 F.Supp.2d 1036, 1042-43 (C.D. Cal. 2005).

not accept it. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). However, "[t]o reject the uncontroverted opinion of a claimant's physician, the ALJ must present clear and convincing reasons for doing so." Magallanes, 881 F.2d at 751 ("To reject the opinion of a treating physician which conflicts with that of an examining physician, the ALJ must 'make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record'") (citation omitted). The standard for rejecting a treating physician's opinion in favor of an opinion from a professional who neither treated nor examined the claimant cannot be lower than in the first two circumstances.

In the presence of DAA evidence, a separate analysis follows the disability determination process.

> A finding of "disabled" under the five-step inquiry does not automatically qualify a claimant for disability benefits. Under provisions added by the Contract with America Advancement Act, Pub.L. no. 104-121, 110 Stat. 847 (March 29, 1996), an "individual shall not be considered to be disabled for purposes of [social security disability benefits] if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material so the Commissioner's determination that the individual is disabled." 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); see also Sousa v. Callahan, 143 F.3d 1240, 1242 (9th Cir. 1998). The SSA's implementing regulations specify: "If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability." 20 C.F.R. §§ 404.1535(a), 416.935(a).

Bustamante v. Massanari, 262 F.3d 949, 954-55 (9th Cir. 2001) (addressing the question "whether it is error for an ALJ to determine that a claimant's mental impairments are 'the product and consequence of his alcohol abuse' prior to making a determination that the claimant is disabled under the five-step inquiry," and holding the ALJ erred by concluding at Step Two that the claimant's "behavioral and emotional conditions" were "the product and consequence of his alcohol abuse and not an independently severe or disabling impairment"). The ALJ "should have proceeded with the five-step inquiry without attempting to determine the impact of [the claimant's] alcoholism on his other mental impairments." Id. "If, and only if, the ALJ found [the claimant] was disabled under the five-step inquiry, should

the ALJ have evaluated whether [the claimant] would still be disabled if he stopped using alcohol." Id. at 955. "[I]t is reversible error for an ALJ to attempt to separate out the impact of a claimant's alcohol abuse before determining whether the claimant is disabled." Lindsay v. Barnhart, 370 F.Supp.2d 1036,1044 (C.D.Cal. 2005), *citing* Bustamante, 262 F.3d at 955-56. The claimant bears the burden to prove his substance abuse is not a material contributing factor to his disability. Parra v. Astrue, 481 F.3d 742, 744-45 (9th Cir. 2007).

> The implementing regulations make clear that a finding of disability is a condition precedent to an application of [42 U.S.C.] § 423(d)(2)(C). The Commissioner must first make a determination that the claimant is disabled. He must then make a determination whether the claimant would still be found disabled if he or she stopped abusing alcohol.

Lindsay, 370 F.Supp.2d at 1044, *quoting* Drapeau v. Massanari, 255 F.3d 1211, 1214-15 (10th Cir. 2001).

A claimant dissatisfied with the agency's final decision may seek judicial review of that decision. However, the Commissioner's denial of benefits "will be disturbed only if it is not supported by substantial evidence or is based on legal error." Brawner v. Sec'y of Health & Human Servs., 839 F.2d 432, 433 (9th Cir. 1988) (*per curiam*) (citation omitted); Batson, 359 F.3d at 1193 ("The Commissioner's decision must be affirmed . . . if supported by substantial evidence, and if the Commissioner applied the correct legal standards"). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995). The reviewing court may not substitute its judgment for that of the ALJ when evidence reasonably supports either confirming or reversing the decision. Tackett, 180 F.3d at 1098; Thomas, 278 F.3d at 954; Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld").

### B.   Review Of Magistrate Judges' R&Rs

A district judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions" on a

1  dispositive matter prepared by a magistrate judge proceeding without the consent of the
2  parties for all purposes.  Rule 72(b); *see* 28 U.S.C. §636(b)(1).  A party objecting to the
3  recommended disposition of the matter may "serve and file specific objections to the
4  proposed findings and recommendations," and "a party may respond to another party's
5  objections."  Rule 72(b).  "[T]he court shall make a *de novo* determination of those portions
6  of the report or specified proposed findings or recommendations to which objection is made."
7  28 U.S.C. §636(b)(1); United States v. Raddatz, 447 U.S. 667, 676 (1980) (when objections
8  are made, the court must make a *de novo* determination of the factual findings to which
9  there are objections).  The court also reviews *de novo* the magistrate judge's conclusions
10 of law.  Gates v. Gomez, 60 F.3d 525, 530 (9th Cir. 1995).  The statutory provision does not
11 require that the district court conduct some lesser review when no objections are filed.
12 Thomas v. Arn, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended
13 to require district court review of a magistrate's factual or legal conclusions under a *de novo*
14 or any other standard when neither party objects to those findings"); *but see* Robbins v.
15 Carey, 481 F.3d 1143, 1146-47 (9th Cir. 2007) ("determinations of law by the magistrate
16 judge are reviewed *de novo* by both the district court and [the court of appeals]," so "the
17 failure to object would not, standing alone, ordinarily constitute a waiver of the issue" on
18 appeal) (citation omitted); *see also* Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979)
19 ("If neither party contests the magistrate's proposed findings of fact, the court may assume
20 their correctness and decide the motion on the applicable law").

21    **C.  Remand For Further Agency Proceedings Is Warranted**

22   In the absence of objections from the parties, and after *de novo* review of the legal
23 standards applied in the R&R and in the ALJ's disability analysis, this court adopts the
24 magistrate judge's recommendation and the R&R findings the ALJ failed to clearly conduct
25 the sequential five-step disability determination before factoring in Breher's history of
26 substance abuse to deny him benefits.  In addition, the hearing transcript reflects no
27 testimony of record from a Vocational Expert despite the ALJ's discussion of purported
28 \\

expert testimony he relies on to support his finding (unspecified) work Breher can perform exists in significant numbers in the national economy and his decision to deny benefits.

The court also concurs with the R&R determination the ALJ failed to provide or provided inadequate reasoning for rejecting the opinions of treating professionals,[3] in particular Dr. Shaffer and Mary Prigmore, Ph.D. "Cases in this circuit distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ must give specific and legitimate reasons to reject the diagnoses and opinions of examining physicians.

> As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant. At least where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. We have also held that "clear and convincing" reasons are required to reject the treating doctor's ultimate conclusions. Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for so doing.

Lester, 81 F.3d at 830 (citations omitted) ("the opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"); *Cf.* Ball v. Massanari, 254 F.3d 817, 821-22 (9th Cir. 2001) (finding no error in failing to identify dysthymia (a form of depression) as a severe impairment requiring a "separating out" analysis of non-substance-abuse impairments to determine whether the claimant would be disabled even if he stopped drinking or abusing drugs, where the medical sources indicated the claimant suffered from only "mild" dysthemia), *distinguishing* Sousa v. Callahan, 143 F.3d 1240 (9th Cir. 1998).

\\

---

[3] "[T]he term 'physician' or 'doctor' includes psychologists and other health professionals who do not have M.D.'s. See 20 C.F.R. § 404.1527 (defining 'medical opinions' as 'statements from physicians and psychologists and other acceptable medical sources,' and prescribing the respective weight to be given the opinions of treating sources and examining sources)." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).

The ALJ insufficiently addressed the substantial evidence of Breher's long-standing non-exertional impairments, including ADD dating from childhood, among other things. Moreover, his conclusion that a sobriety period of just over three months prior to the disability determination hearing was too short a time "to separate [Breher's] drug and/or alcohol abuse from his other mental impairments" (Tr. 15) ignores Breher's testimony he had been sober for over three years prior to his temporary relapse three months before the hearing. Finally, as traced in the R&R, the ALJ's evaluation of the effect of substance abuse on Breher's impairments appears to have occurred out of sequence in the prescribed disability evaluation process. The ALJ couples references to Breher's substance abuse throughout his analysis.

There must be a finding of disability before the materiality of DAA is determined because the question in that context is whether the claimant would still be disabled if he or she stopped using drugs or alcohol. "The claimant bears the burden of proving that his or her alcoholism or drug addiction is not a contributing factor material to the finding of disability." <u>Ball</u>, 254 F.3d at 821. Nevertheless, the Commissioner must expressly: (1) evaluate which of the claimant's current physical and mental limitations would remain if the claimant] stopped using drugs or alcohol and then (2) determine whether any or all of the claimant's remaining limitations would be disabling. 20 C.F.R. § 416.935(b)(2). Those evaluations require the severity of each impairment and combination of impairments be preliminarily determined at Step Two, independently of DAA. *See* <u>Smolen v. Chater</u>, 80 F.3d 1273, 1290 (9th Cir. 1996).

It is legal error to credit the opinion of non-examining physicians over the opinions of examining professionals without express and proper justification. The records of treating physician Dr. Shaffer, a board certified psychiatrist, reflect his opinions, as noted in the ALJ's decision: "even without his substance addiction disorder the claimant experience [*sic*] marked limitations which would clearly render him disabled due to Listing lever [*sic*] severity (Exhibit 16F, p. 7)." Tr. 14. The ALJ's analysis, for failure to differentiate between Breher's impairments independent of his substance dependency disorder before performing the DAA analysis, does not provide adequate reasons for rejecting the treating physician's opinions.

The ALJ recites the "medical evidence establishes that the claimant has a **severe** affective disorder recurrent; an anxiety-related disorder; a personality disorder" separate from "a polysubstance addiction disorder with a polysubstance-induced mood disorder," but fails to analyze those disorders independently of Breher's addictions for their effect on the disability determination. Contrary to Dr. Shaffer's opinion, the ALJ then simply concludes Breher "does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4, in the absence of his drug or alcohol addiction." Tr. 17 (emphasis added).

The ALJ thus failed to clearly differentiate Breher's physical and mental limitations and their severities in the absence of drugs or alcohol, but rather merges the inquiries to conclude he would not be disabled but for substance abuse. *See* Smolen, 80 F.3d at 1290 (in drug and alcohol addiction cases, the question is whether the claimant would still be disabled if not dependent on drugs or alcohol, with each and every impairment considered to determine, at Step Two, if the combination of impairments is severe); *see also* Callahan, 143 F.3d at 1245 (the reviewing court must distinguish between substance abuse contributing to the disability and *the disability remaining after the claimant stopped using drugs or alcohol*," two considerations which "are not mutually exclusive"). "Just because substance abuse contributes to a disability does not mean that when the substance abuse ends, the disability will, too." Id.; *see also* Parra, 481 F.3d at 747 ("Under the implementing regulations, the ALJ must conduct a drug abuse and alcoholism analysis ('DAA Analysis') by determining which of the claimant's disabling limitations would remain if the claimant stopped using drugs or alcohol") *citing* 20 C.F.R. § 404.1535(b). "If the remaining limitations would still be disabling, then the claimant's drug addiction or alcoholism is not a contributing factor material to his disability," but "[i]f the remaining limitations would not be disabling, then the claimant's substance abuse is material and benefits must be denied." Id.

Moreover, despite no record in the transcript of any testimony from any vocational expert at the hearing, the ALJ purports to summarize Ms. Katsell's testimony to support his findings at Step Five. Tr. 15. He summarily concludes: "Although the claimant is unable to

perform any of his past relevant work, he is able to perform substantial gainful activity existing in significant numbers in the national economy, in the absence of a drug and/or alcohol addiction." Tr. 14. No testimony supporting any such conclusion predicated on hypotheticals reviewable for inclusiveness of impairments supports that finding, and he identifies no adequate reasons for rejecting Breher's psychiatrist's opinions to the contrary.

A court reviewing the Commissioner's denial of social security benefits must ensure the record reflects the appropriate analytical steps were followed, applying the proper legal standards, and that the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). As found by Judge Bencivengo, the sequence of the ALJ analysis is not entirely clear, his rejection of treating professionals' opinions lacks a statement of clear and convincing reasons, and legal error appears to have occurred in the timing and application of a DAA analysis, warranting remand for further agency proceedings to rectify these deficiencies in the disability determination process.

## III. CONCLUSION AND ORDER

For all the foregoing reasons, **IT IS HEREBY ORDERED** the R&R is **ADOPTED** in the absence of objections by either party, after *de novo* review of the legal standards applied in the R&R and by the Commissioner. Breher's Motion is **GRANTED IN PART**, the Commissioner's Cross-Motion is **DENIED**, and the matter **REMANDED** to the Commissioner for further proceedings, terminating this action.

**IT IS SO ORDERED**.

DATED: January 28, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge